UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NO. 5:20-cv-00052-LLK

**JERRY CLEVELAND DEHART**                                                                                    **PLAINTIFF**

**v.**

**ANDREW SAUL, Acting Commissioner of Social Security**                                **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for Social Security disability benefits. The fact and law summaries of Plaintiff and Defendant are at Docket Number ("DN") 18-1 and 21. The parties have consented to the jurisdiction of the undersigned Magistrate Judge to determine this case, with any appeal lying before the Sixth Circuit Court of Appeals. [DN 14].

Due to lack of a sufficient medical basis in the administrative record to permit meaningful review of the Administrative Law Judge's ("ALJ's") finding that Listing 1.04A was not satisfied, the Court will REMAND this matter to the Commissioner for a new decision.

**The ALJ rejected Plaintiff's claim that his neck impairment satisfies Listing 1.04A.**

Plaintiff is entitled to a conclusive presumption of disability if he shows that he suffers from a medical impairment satisfying the clinical criteria of Listing 1.04A:

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:
>
> A. Evidence of nerve root compression characterized by neuroanatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine);

Regulations, Appendix 1, Listing 1.04A.

In November 2015, Plaintiff's treating neurosurgeon, Thomas Gruber, M.D., performed a cervical discectomy and fusion, [DN 13-9 at 606], but Plaintiff continued to experience a neck impairment.

At the administrative hearing, Plaintiff claimed that his neck impairment satisfies Listing 1.04A and cited a supporting medical opinion from his treating physician, Dr. Gruber, and cited specific portions of his medical records.  [Hearing at DN 13-2, 204-05 referencing opinion at DN 13-10, 1177-78 and cervical MRI interpretation at DN 13-9, 716].  Dr. Gruber was explicit that he had reviewed Listing 1.04A, and his opinion was that Plaintiff's neck impairment satisfies the Listing:

> 3.  Have you or a member of your staff reviewed imaging which indicates Jerry Dehart has a cervical disc herniation causing compression of his spinal cord?
>
> Yes
>
> 4.  During your treatment of Jerry Dehart, has he complained to you or a member of your staff of pain that is consistent with a neuro-anatomic distribution of pain?
>
> Yes
>
> 5.  During your treatment of Jerry Dehart, have you or a member of your staff observed Jerry Dehart to have limited range of motion of his cervical spine?
>
> Yes
>
> 6.  During your treatment of Jerry Dehart, have you or a member of your staff observed Jerry Dehart to have muscle weakness?
>
> Yes
>
> 7.  During your treatment of Jerry Dehart, have you or a member of your staff observed Jerry Dehart to have a sensory or reflex abnormality?
>
> Yes

[DN 13-10 at 1177-78].

Consistent with Dr. Gruber's opinion of "nerve root compression," Listing 1.04A, September 2017 cervical MRI was interpreted as showing:

> IMPRESSION:
>
> 1.  Marked spinal stenosis at C7-T1 due to a central disc protrusion.

Abnormal cord signal is seen, suggestive of cord contusion/myelomalacia.

2.  Moderate LEFT neuroforaminal stenosis at C5-C6 and C6-C7.

[DN 13-9 at 716].

No medical expert testified at the administrative hearing, and the ALJ obtained no post-hearing opinion regarding Listing 1.04A.

In his written decision, the ALJ rejected Plaintiff's Listing 1.04A claim:

> One of the claimant's treating physicians, Dr. Gruber, opined that the claimant meets the criteria of Listing 1.04 subsection A, but did not give any explanation or evidence of why he thought the claimant meets the listing. He did not cite any medical findings or diagnostic tests. (Exhibit 33F). Furthermore, the EMG in June 2017 showed only "possible" nerve root irritation, and did not address nerve root compression, which is a requirement of the listing. No follow up testing was done to confirm this. Additionally, the normal range of motion of the neck and normal reflexes noted during an office visit in May 2018 suggest that this impairment would not rise to listing level (Exhibit 29F/1-2). Finally, an opinion on whether the claimant meets a listing is an issue reserved to the Commissioner and therefore any opinion on this issue is given no significant weight.

[DN 13-2 at 19 referencing EMG at DN 13-9, 707]. The ALJ's decision repeatedly references the results of a June 2017 electromyography ("EMG") and nerve conduction velocity ("NCV") study as undermining the presence of "nerve root compression," Listing 1.04A. [DN 13-2 at 16, 19]. The study was interpreted as follows:

> IMPRESSION: Possible chronic nerve root irritation without acute denervation C5/C6 and L5/SI areas. Generalized neuropathy/neuromyopathy might be contributory. This must be correlated with patient's presentation.

[DN 13-9 at 707].

Therefore, the ALJ rejected Plaintiff's claim that his neck impairment satisfies Listing 1.04A because a June 2017 EMG / NCV study showed "[p]ossible chronic nerve root irritation without acute denervation C5/C6 and L5/SI areas." [DN 13-9 at 707].

### The ALJ's finding that Plaintiff's neck impairment does not satisfy Listing 1.04A is not supported by substantial evidence.

Neither the ALJ, the Plaintiff, nor this Court has the medical expertise to opine whether an EMG / NCV study showing a "[p]ossible chronic nerve root irritation without acute denervation C5/C6 and L5/SI

3

areas," [DN 13-9 at 707], negates the presence of "nerve root compression," Listing 1.04A, notwithstanding Dr. Gruber's opinion that "nerve root compression" is present, [DN 13-10 at 1177], and a cervical MRI showing "[m]arked spinal stenosis at C7-T1 due to a central disc protrusion," with "[a]bnormal cord signal … suggestive of cord contusion/myelomalacia," [DN 13-9 at 716].

"In assessing whether a claimant meets [Listing 1.04A], the ALJ must 'actually evaluate the evidence,' compare it to the requirements of the relevant Listing, and provide an 'explained conclusion, in order to facilitate meaningful judicial review.'" *Mackey v. Comm'r of Soc. Sec.*, No. 16-6743, 2017 WL 6028679, at *4 (6th Cir. Aug. 23, 2017) (quoting *Reynolds v. Comm'r*, 424 F. App'x 411, 416 (6th Cir. 2011)). In *Mackey*, the ALJ satisfied this standard by way of a medical expert's testimony explaining why Mackey did not satisfy each criterion of Listing 1.04A. In this case, in contrast, there was no testifying medical expert, and the record is devoid of a substantial medical basis for discounting Dr. Gruber's opinion that Plaintiff does satisfy Listing 1.04A.[1]

---

[1] As noted above, the ALJ faulted Dr. Gruber's opinion because it "did not give any explanation or evidence of why he thought the claimant meets the listing" and it did not "cite any medical findings or diagnostic tests." [DN 13-2 at 19 referencing DN 13-10 at 1177-78]. While Dr. Gruber did not cite to the medical records, at the administrative hearing, Plaintiff cited to portions of his medical records of which Dr. Gruber was aware, which appear to support Dr. Gruber's opinion. [Hearing at DN 13-2, 204-05 referencing opinion at DN 13-10, 1177-78 and cervical MRI interpretation at DN 13-9, 716].

The ALJ noted the "normal range of motion of the neck and normal reflexes noted during an office visit in May 2018." [DN 13-2 at 19 referencing DN 13-10 at 1117-8]. Plaintiff saw Dr. Gruber in May 2018 because he was "showing more signs of myelopathy and does appear to be at a risk of having a significant event regarding his spinal cord." [DN 13-10 at 1117]. While there was a general "normal range of motion" of the musculoskeletal system, there was no normal range of motion of the "cervical back" because Plaintiff was "exhibit[ing] pain." *Id.* at 1118. At the administrative hearing, [DN 13-2 at 204-05], and in his fact and law summary, [DN 18-1 at 10-11], Plaintiff has identified the medical evidence he believes satisfies each criterion of the Listing.

The ALJ noted that "an opinion on whether the claimant meets a listing is an issue reserved to the Commissioner and therefore any opinion on this issue is given no significant weight." [DN 13-2 at 19]. While the ultimate decision of whether the Listing is satisfied is reserved to the Commissioner, 20 C.F.R. § 404.1527(d)(2), that decision will not survive judicial review unless supported by substantial evidence. Hence, an ALJ "cannot [simply] ignore the testimony of a treating physician that plaintiff had the medical criteria necessary to meet the requirements of a Listing." *Wormmeester v. Comm'r*, No. 109CV202, 2010 WL 565305, at *4 (W.D. Mich. Feb. 11, 2010).

In November 2016, the Commissioner's non-examining program physician, Douglas Back, M.D., opined that Plaintiff's neck impairment does not satisfy Listing 1.04. [DN13-3 at 271, 274]. The Commissioner argues that Dr. Back's opinion supports the ALJ's finding that Listing 1.04A is not satisfied. The argument is unpersuasive for two

Additionally, "[w]e [the Commissioner] will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion." 20 C.F.R. § 404.1527(c)(2). The point of the "good reasons" rule is to permit meaningful review of the ALJ's decision and to ensure that a claimant is not "bewildered" when an administrative bureaucracy tells him (contrary to his treating physician's opinion) that he is not disabled. *Biestek v. Comm'r*, 880 F.3d 778, 786 (6th Cir. 2017). Here, the ALJ's reasons for rejecting Dr. Gruber's opinion that Plaintiff's neck impairment meets or equals Listing 1.04A were not particularly good.

In recent years, this Court has remanded several cases to the Commissioner due to lack of a sufficient medical basis to permit meaningful review of the ALJ's finding that Listing 1.04A was not satisfied. *See e.g. Tomes v. Comm'r*, No. 1:19-CV-00139-LLK, 2020 WL 2776501, at *1 (W.D. Ky. May 28, 2020); *Johnson v. Comm'r*, No. 1:18-CV-00175-HBB, 2019 WL 5902168, at *6 (W.D. Ky. Nov. 12, 2019); *Scott v. Comm'r*, No. 1:18-CV-00107-HBB, 2019 WL 2505043, at *10 (W.D. Ky. June 17, 2019); *Cuckovic v. Comm'r*, No. 3:18-CV-00232-HBB, 2019 WL 360521, at *4 (W.D. Ky. Jan. 29, 2019). The present case falls within this line of cases because the ALJ's finding that Plaintiff does not satisfy Listing 1.04A is not supported by substantial evidence.

**The appropriate remedy in this case is a remand for further administrative proceedings.**

The remaining question is the appropriate remedy. When (as in this case) a reviewing court finds that the ALJ's decision was not supported by substantial evidence, it may award benefits (as opposed to remanding for a new decision) "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Wiser v. Comm'r*, 627 F. App'x 523, 526 (6th Cir. 2015) (quoting *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994)). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of

---

reasons. First, there is no indication the ALJ (actually) relied on Dr. Back's opinion with respect to the Listing. Second, Dr. Back's opinion is undermined by the subsequent September 2017 cervical MRI results, [DN 13-9 at 716].

disability is strong and evidence to the contrary is lacking." *Id.* (citing *Mowery v. Sec'y*, 771 F.2d 966, 973 (6th Cir. 1985)).

All essential factual issues have **not** been resolved in this case. On the contrary, there is lack of a sufficient medical basis in the administrative record to permit meaningful review of the ALJ's finding that Listing 1.04A was not satisfied. As noted above, this case falls within a line of cases, and the remedy in those cases was **not** a judicial award of benefits.

Plaintiff's relies on *Lunsford v. Comm'r*, No. 3:09CV00195, 2010 WL 1463037 (S.D. Ohio Mar. 22, 2010) (report adopted), in support of a judicial award of benefits. Plaintiff's reliance on *Lunsford* is unpersuasive for three reasons. First, in *Lunsford*, there was no finding of insufficiency of the medical evidence to support meaningful review of Lunsford's Listing 1.04A claim. Second, in *Lunsford*, the Commissioner's own medical expert, Dr. Lyons, testified that Lunsford satisfies Listing 1.04A. Third, the Court has misgivings about awarding benefits based on a decision (in the first instance) that the Listing is satisfied as that decision is "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2).

### Order

Due to lack of a sufficient medical basis in the administrative record to permit meaningful review of the Administrative Law Judge's ("ALJ's") finding that Listing 1.04A was not satisfied, this matter is hereby REMANDED to the Commissioner for a new decision and any further proceedings deemed necessary and appropriate by the Commissioner.

February 9, 2021

Lanny King, Magistrate Judge
United States District Court